UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO CARMONA, *also known as Roberto Contreras*,

            Petitioner,

-v.-

UNITED STATES OF AMERICA,

            Respondent.

19 Civ. 6564 (KPF)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

KATHERINE POLK FAILLA, District Judge:

    Pending before the Court is the November 7, 2019 Report and Recommendation from United States Magistrate Stewart D. Aaron (the "Report"), addressing Petitioner Roberto Carmona's petition for writ of *coram nobis*, writ of *audita querela*, or writ of *habeas corpus*, as well as Petitioner's motion to add the State of New York as a respondent, in addition to the named Respondent, the United States of America. Judge Aaron recommends that Carmona's petition be dismissed and his motion be denied as moot.

    The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

## BACKGROUND

    This summary draws its facts from the detailed recitation in the Report, (*see* Report 1-3), as well as from entries in the public docket. On July 16,

2019, Carmona, who was represented by counsel, filed a petition seeking to challenge his state court conviction after entering a plea of guilty. (Dkt. #1; Report 1). The petition asserted that Carmona had been deported from the United States before the time of its filing. (*Id.*).

On July 31, 2019, the matter was referred to Magistrate Judge Aaron, who ordered Carmona to show cause why the action should not be dismissed by the Court *sua sponte* for lack of jurisdiction, because Carmona was no longer in custody and had not been in custody when he filed his petition. (Dkt. #6, 7 (citing *Jackson* v. *Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) ("The 'in custody' requirement is satisfied if the petitioner filed the *habeas* petition before being deported."))). Carmona filed a brief in response to Judge Aaron's Order on September 10, 2019 ("Petitioner's Brief"), but failed to serve the United States. (Dkt. #8). On September 10, 2019, Judge Aaron ordered Carmona to serve the United States with Petitioner's Brief and further ordered the United States to respond to the Brief on or before October 24, 2019. (Dkt. #9). On October 23, 2019, the United States sought, and was granted, a two-week extension of time to file its response to Petitioner's Brief.
(Dkt. #13, 14).

On November 1, 2019, Carmona filed a motion to add the State of New York as a respondent. (Dkt. #15). On November 4, 2019, the United States filed a letter in reply to Carmona's motion, stating its position that the United States was not a proper party to the case because Carmona was challenging a state conviction. (Dkt. #16). The United States requested that the Court

dismiss it as a respondent and substitute the proper state respondent in its place. (*Id.*).

On November 6, 2019, the United States again moved for an extension of time to file a response to Petitioner's Brief. (Dkt. #17). Judge Aaron's Report was issued on November 7, 2019. (Dkt. #18). Objections were due on or before November 21, 2019. (*Id.*). Neither party has objected to the Report.

Judge Aaron recommended that the Court dismiss the petition *sua sponte*. He determined that, despite having been given an opportunity to do so, Carmona had failed to provide any authority to support his contention that the Court had jurisdiction over the petition, in light of the fact that Carmona was not in custody and had filed the petition after he had already been deported. Judge Aaron further recommended that Carmona's motion to substitute the State of New York as a party be denied as moot, in light of the fact that the Court lacked jurisdiction over the matter.

## DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction

that a mistake has been committed.'" *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*, No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Because Carmona has not filed an objection to the Report, he has waived his right to object and to obtain appellate review. Even so, the Court has reviewed the Report and finds that its reasoning is sound and it is grounded in fact and law. Accordingly, the Court finds no clear error and adopts the Report in its entirety.

**CONCLUSION**

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Aaron's well-reasoned Report and hereby adopts its reasoning by reference. Accordingly, it is hereby ordered that the petition is DISMISSED *sua sponte*. Further, Carmona's motion to add the State of New York as a respondent is denied as moot.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: January 28, 2020
        New York, New York

                                    KATHERINE POLK FAILLA
                                  United States District Judge